UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAX J. BERGERON                                            CIVIL ACTION

                                                           NO. 2:13-cv-6128
V.

RELIASTAR LIFE INSURANCE COMPANY

## COMPLAINT

The Complaint of Dax J. Bergeron respectfully alleges:

1. This is a claim for ERISA disability benefits.

2. Plaintiff, **Dax J. Bergeron**, of lawful age and a resident of White Castle, Louisiana is a plan participant and beneficiary of an ERISA plan created by his employer, Lion Copolymer, LLC, and an insured participant of a group disability policy issued by ReliaStar Life Insurance Company.

3. Defendant, ReliaStar Life Insurance Company, is a foreign corporation authorized and doing business in Louisiana.

4. Defendant, Lion Copolymer Group Long Term Disability Plan, is an entity created by Plaintiff's former employer, Lion Copolymer, LLC, for the benefit of its employees.

5. This Court has jurisdiction and venue under the provisions of ERISA 29 U.SC. Sec. 1001 et. seq.; 29 U.S.C. Sec. 1132.

6. ReliaStar Life Insurance Company issued a group disability policy, No. 66652, insuring the employees of Lion Copolymer, LLC. Plaintiff is a beneficiary and insured under the policy.

7. A review of the policy and plan documents that Reliastar Life Insurance Company furnished to Plaintiff reveals no document that grants Reliastar Life Insurance Company

discretion to interpret the terms of the plan or eligibility for benefits. Therefore, (1) there is no document naming Reliastar Life Insurance Company as plan administrator, but it acted as one and is thus liable for contractual and fiduciary breaches and (2) there is no grant of discretion to Reliastar Life Insurance Company. Thus, the standard of review of this dispute is *de novo*.

8. ERISA mandates that all plan administrators and ERISA fiduciaries discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

9. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded his from continuing to perform the duties of his job on a fulltime basis.

10. Plaintiff is disabled under the terms of the disability policy issued by ReliaStar Life Insurance Company.

11. Defendants unlawfully denied Plaintiff benefits he is entitled to under terms of the ReliaStar Life Insurance Company disability policy by asserting that Plaintiff's claim was excluded as a preexisting condition.

12. Plaintiff appealed the denial, explaining that his disabling conditions arose after the pre-existing condition period, but Defendants upheld its previous decision.

13. Defendants' denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

14. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Defendants' denial of benefits.

15. Defendants have abused its discretion as plan administrator by denying Plaintiff's claim for benefits in bad faith.

16. Defendants administered Plaintiff's claim with an inherent and structural conflict of interest as ReliaStar Life Insurance Company is liable to pay benefits from its own assets to Plaintiff, and each payment depletes ReliaStar Life Insurance Company assets.

17. Defendants have failed to give the policy and Plan a uniform construction and interpretation.

18. Defendants choose to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

19. As a routine business practice, Defendants use the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

20. Defendants' administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

21. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

22. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

23. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due Plaintiff under the Plan.

24. Alternatively, this claim is not governed by ERISA because Plaintiff's disability policy was part of a non-ERISA plan, so Plaintiff's claim for disability benefits is governed by Louisiana law. Plaintiff therefore demands a trial by jury, as well as penalties under the Louisiana Insurance Code and damages for emotional distress caused by the wrongful

denial of his benefit claim.  This Court has jurisdiction over this case because the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

Wherefore, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

    Respectfully submitted,

    __/s/ Reagan Toledano_____
    Willeford & Toledano
    James F. Willeford (La. 13485)
    Reagan L. Toledano (La. 29687)
    Shane Pendley (La. 34023)
    201 St. Charles Avenue, Suite 4208
    New Orleans, Louisiana 70170
    (504) 582-1286; (f)(313)692-5927
    rtoledano@willlefordlaw.com